**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

GARY CONNER, :
:
Plaintiff, :
:
v. :
: Case No.: 7:26-CV-00097-WLS-ALS
Probation Officer, JOHN DOE, *et al.*, :
:
Defendants. :
:

**ORDER**

Before the Court is United States Magistrate Judge Alfred L. Sheppard's Order and Recommendation, in which she addresses Plaintiff's motion to proceed *in forma pauperis* ("IFP") and his motion for a temporary restraining order and preliminary injunction. (Doc. 10.) Because Judge Sheppard granted the IFP motion, she was required to review the complaint's validity. *See* 28 U.S.C. § 1915(e)(2). Judge Sheppard recommends that Plaintiff's request for a preliminary injunction be denied and that the complaint be dismissed without prejudice. (*Id.* at 1.) For the reasons discussed below, the Recommendation is adopted, and made the Order of this Court.

**I. Relevant Background**

Plaintiff's complaint asserts claims against John Doe #1 (unnamed), John Doe #2 (DuBous), Jessica Blount, Jane'a Epps, and Commissioner Bill Slaughter for violating his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments when they modified his probation from unsupervised status to supervised status. (Doc. 1.) This change in status occurred on October 3, 2023, when Plaintiff was arrested "for not attending [his] monthly meeting" and refusing to wear a GPS tracker. (*Id* at 8.) Plaintiff claims his arrest, for violating the terms of probation, was unlawful because he was on "unsupervised status." (*Id* at 9.)

In the recommendation, Judge Sheppard explains that "Plaintiff has not provided enough detail to identify 'John Doe #1' from amongst the many employees who work in

Community Supervision[,]" and thus, he has failed to state a claim against the unnamed Defendant. (Doc. 10 at 8.) The report further stated that the Plaintiff had failed to state a claim against Bill Slaughter because he merely named him as a defendant without listing any specific allegation against him. (Doc. 10 at 9–10.) As to the other Defendants, Judge Sheppard recommended that "[b]ecause Plaintiff failed to show that the revocation or his sentence have already been invalidated, Plaintiff's claims against Defendants DuBous, Blount, and Epps also appear likely to be *Heck*-barred." (Doc. 10 at 11–12). Lastly, Judge Sheppherd recommended the preliminary injunction also be denied because "the party whom Plaintiff seeks to enjoin is the 'State of Georgia' which is a not a named Defendant in the current lawsuit." (Doc. 10 at 2–3).

The Recommendation and 28 U.S.C. § 636(b)(1) provided the parties with fourteen days to file an objection. (Doc. 10 at 12–13). On June 15, 2026, the Clerk served the Plaintiff by mail. Plaintiff then filed his timely objection fourteen days later, on June 29, 2026. (Doc. 11).

## II. STANDARD OF REVIEW

A district court judge must make a de novo determination of those portions of the recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). To properly object to a recommendation, a plaintiff must provide written objections that "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020).

Plaintiff's objection does not challenge any part of the Recommendation. (*See generally* Doc. 11.) Plaintiff instead presents "new evidence" by stating that he now alleges that Probation Officer DuBose was solely "responsible for subjecting him to cruel and unusual punishment." (Doc. 11 at 1.) His objection then goes on to restate the facts he alleges in the complaint, which is that he was "awarded unsupervised probation status[,]" and was

subsequently arrested for violating the terms of his probation when he refused to wear a G.P.S. monitor. (Doc. 11 at 1.)

As such, the objection neither "specifically identif[ies] the portions of the proposed findings and recommendation to which objection is made" nor states a "specific basis for objection." *Macort*, 208 F. App'x at 783. Therefore, in the absence of any properly raised objection, the Court reviews the Recommendation for plain error and manifest injustice. *See United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012).

Upon full review and consideration of the record, the Court finds neither plain error nor manifest injustice in Judge Sheppard's Recommendation. The Recommendation (Doc. 10) is thus **ACCEPTED**, **ADOPTED**, and made the Order of this Court, for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. 8) is **DENIED**, his objection (Doc. 11) is **OVERRULED**, and his complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 26th day of October, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**